IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.     No. CIV 12-813 JEC/LFG
      No. CR 99-1298 JEC

ANTONIO MADRID

    Defendant/Movant.

### ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the Magistrate Judge's Findings and Recommended Disposition ("recommendations") [Doc. 9], filed October 22, 2012, proposing dismissal of this action, with prejudice. More specifically, the Magistrate Judge recommended, *inter alia,* that Defendant/Movant Antonio Madrid's ("Madrid") § 2255 motion and his petition for writ of *coram nobis*, under 28 U.S.C. § 1651, be denied and dismissed. In addition, the Magistrate Judge recommended that no certificate of appealability issue. [Doc. 9, at 15.]

On November 8, 2012, Madrid, who is represented by counsel, filed objections. [Doc. 10.] The Court conducted a *de novo* review of those portions of the Magistrate Judge's recommendations to which Madrid objects.

### Madrid's Objections

The Magistrate Judge recommended denial and dismissal of the § 2255 motion because Madrid was not "in custody" when he filed his motion. [Doc. 9, ¶¶ 17-19, 21.] In his objections

Madrid contends that because he now is in "removal proceedings" and under the custody of ICE, he actually did satisfy the jurisdiction requirement of being in custody when he filed the § 2255 motion. [Doc. 10, at ¶ 1.]

Madrid cites no legal authority in support of his position and is mistaken. As correctly observed by the Magistrate Judge, a federal district court has jurisdiction over a § 2255 motion "only if the movant is 'in custody' under a sentence of the federal court" when he filed the motion. *See* United States v. Hernandez, 94 F.3d 606, 613 (10th Cir. 1996) (§ 2255 motion is available only to attack a "federal sentence under which the defendant is in custody at the time of initiating the petition").

It is undisputed that Madrid was not in custody under a sentence of the federal court when he filed his § 2255 motion. With respect to the pertinent sentence Madrid already served, he was released in 2001, and was no longer in custody when he filed the § 2255 motion eleven years later in July 2012. [Doc. 9, ¶ 9.]

Moreover, a number of federal courts have rejected Madrid's position. In United States v. Ishola, 2007 WL 4212112, * 1 (M.D.Pa. Nov. 27, 2007) (unpublished), the movant, like Madrid, argued that "because his current ICE custody" resulted from an earlier federal conviction, his current "custody" by ICE satisfied the "in custody" requirement of § 2255, thereby satisfying jurisdictional requirements. The federal district court disagreed, holding that "the mere fact that a defendant, after his sentence has expired, is in ICE custody awaiting removal on the basis of a federal conviction, or state conviction, is not enough for the "in custody" requirement of section 2255." Id. *See also* Evola v. Carbone, 365 F.Supp.2d 592, 597-98 (D.N.J.,2005) (same); Obado v. New Jersey, 328 F.3d 716, 717-18 (3d Cir. 2003); Neyor v. Immigration & Natur. Serv., 155 F.Supp.2d 127, 134 (D.N.J.

2001) (holding that a petitioner is not "in custody" for purposes of § 2254 if he filed after his sentence expired, even though he was in INS custody pending removal proceedings).[1]

The Court, therefore, overrules and rejects Madrid's objection as to the jurisdictional argument.

In the alternative, Madrid, objects as the Magistrate Judge's recommendations to deny the petition for writ of *coram nobis*. Madrid argues that an evidentiary hearing is necessary to create an adequate record in this case. In support, Madrid makes a number of assertions. He contends that he has lived here "most of his adult life and has no other criminal history except for this conviction." [Doc. 10, ¶ 3.] This is not new information. Madrid already made that allegation in his § 2255 pleadings. [Doc. 1, at 5.] The Magistrate Judge did not find that argument sufficient to justify an evidentiary hearing, and indeed, expressly determined that an evidentiary hearing was not necessary because it was possible to resolve the issues on the pleadings. [Doc. 9, ¶ 2.]

In the recommendations to deny the *coram nobis* petition, the Magistrate Judge observed that Madrid did not specifically assert that he would have proceeded to trial had his trial attorney advised him of the immigration consequences of pleading guilty. Instead, Madrid initially stated only that he would not have entered into the plea agreement – a plea agreement that provided a significant benefit to Madrid who was sentenced to a period of ten months incarceration, in contrast to the maximum penalty of ten years. [Doc. 9, ¶¶ 7-8, 38.]

Madrid now summarily argues that "there is no question [he] would have gone to trial on these charges." Summary and conclusory argument are insufficient. *See* United States v. Apperson, 441 F.3d 1162, 1191 (10th Cir. 2006) ("conclusory arguments on appeal are clearly insufficient to

---

[1] While none of this authority from other jurisdictions is binding, the Court finds it persuasive.

3

undermine the district court's findings and conclusions"), *cert. denied,* 549 U.S. 1117 (2007); <u>Poel v. Webber</u>, --- F.Supp.2d ----, 2012 WL 4950859, *3 (D.N.M., Sept. 29, 2012) (citation omitted) (objections to magistrate judge's findings and recommendations "must be made with specificity; general or conclusory objections are insufficient."). Thus, the Court overrules the objection.

Madrid also asserts that an evidentiary hearing is necessary based on habeas counsel's unsupported argument or speculation that the government allegedly failed to disclose exculpatory information to Madrid's trial attorney during the pendency of the criminal proceeding eleven years ago. [Doc. 10, ¶ 4.] More specifically, Madrid's attorney states:

> . . . a careful review of the docket activity in [the related criminal] case reveals that the charges against the main alleged targets, Rogelio Chairez and Margarito Chairez were dismissed. [Habeas] Counsel [for Madrid] has received reliable information from his client that these charges were dismissed NOT because the defendants could not be found, but because the main undercover agent in the case, an agent known as "Ro Garcia" was found to have engaged in egregious conduct in the case which affected the credibility of the entire investigation and thus required dismissal of the charges against the main targets. If this is true and the government failed to disclose this exculpatory information to Madrid's [trial] attorney it arises to a Brady violation.

[Doc. 10, ¶ 4.] Madrid further asserts that he would testify at an evidentiary hearing that the Chairez defendants are his brothers-in-law, never were fugitives, were living in New Mexico the entire time the [criminal] case was pending, that they are still living here, and were never arrested on these charges." [<u>Id.</u>, ¶ 5.]

Madrid's attorney provides no affidavit in support of these allegations. While counsel refers to a "careful review of the docket activity" in the criminal case that would support these allegations, the Court reviewed the criminal docket and found no support for Madrid's assertions. On October 28, 2005, the government filed a motion to dismiss indictment and to quash arrest warrants as to

Rogelio Chairez and Margarito Chairez stating that "defendants were never arrested and it is unlikely that the will ever by apprehended." [Doc. 142 in No. CR 99-1298 JEC.] There is no information in the criminal docket to the contrary.

Thus, the Court funds no support for Madrid's argument. Moreover, even if this information were true, Madrid supplies no explanation why those allegations were not available to him back in 2005 or earlier. Thus, there is no explanation for the lengthy delay in raising such contentions six to eleven years after the fact. The Court overrules the objections, and concludes there is no basis to conduct an evidentiary hearing on this matter.

To the extent that Madrid makes additional conclusory and unsupported arguments in his objections concerning alleged fundamental unfairness to him for being in his present "predicament," the Court finds those assertions unpersuasive and overrules such objections.

Therefore, the Court agrees with the Magistrate Judge's recommendations and overrules all of Madrid's objections for the reasons stated above.

IT IS THEREFORE ORDERED that the Magistrate Judge's findings and recommended disposition [Doc. 9] are adopted by the Court, that no Certificate of Appealability shall issue, and that Mr. Madrid's § 2255 motion or petition for writ of *coram nobis* [Doc. 1] and this action are dismissed, with prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE